UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SMITH, | Case No. 2:24-cv-0118-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| RAMESH DHARAWT, *et al.*, | |
| Defendants. | |

Plaintiff Robert Smith is a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983. He alleges that defendant doctors J. Ma, Walter Chien, and Ramesh Dharawat, and nurse Nnaji, violated his Eighth Amendment rights in their treatment and care of him. Pending before the court are: plaintiff's motion for injunctive relief, ECF No. 14; defendant Ma's motion to dismiss the claims against him, ECF No. 20; and plaintiff's motion for additional time to respond to discovery requests, ECF No. 23.

After reviewing the briefs, I will grant defendant Ma's motion and allow plaintiff thirty days to file either a notice that he intends to proceed with his claims against defendants Dharawat, Chien, and Nnaji, or an amended complaint remedying the deficiencies noted herein. I will also grant plaintiff sixty days to respond to the outstanding discovery requests. Finally, I will direct the remaining defendants to file a response to plaintiff's motion for injunctive relief within sixty

1

1  days.

## Motion to Dismiss

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## The Complaint's Allegations against Defendant Ma

The complaint spans twenty-six pages and carefully details several medical procedures, examinations, and issues that plaintiff has experienced, since 2007, with his diagnosed condition of sinus bradycardia. *See generally* ECF No. 1. However, the complaint's allegations against defendant Ma, who has been plaintiff's primary care physician at California State Prison, Sacramento, are few and often conclusory. For the purposes of this order, the court will identify each allegation against defendant Ma.

The complaint first alleges that in May 2018, when plaintiff suffered a syncope episode at

CSP-Sacramento, defendant Ma called for an ambulance and had plaintiff rushed to U.C. Davis Hospital for evaluation and care. ECF No. 1 at 5. While at the hospital, plaintiff learned that he had suffered a tachycardia episode. *Id.* The complaint next alleges that all defendants (presumably including defendant Ma) became aware of plaintiff's April 2019 pacemaker evaluation. *Id.* at 6. The evaluation noted that plaintiff's pacemaker was "normally functioning" but that for eight seconds during the evaluation, plaintiff's heart rate was at a dangerous level. *Id.* Following the pacemaker evaluation, defendant Ma evaluated plaintiff and reviewed the hospital notes with him. *Id.* at 7. Defendant Ma explained to plaintiff his plan of care, which included a cardiology consultation. *Id.*

In August 2019, defendant Ma informed plaintiff that his "echo showed EF at 49%," "that plaintiff had mild changes in his cardiac structure and pressure, including mild concentric thickness of the left ventricle, mild dilation of the right atrium and right ventricle" and that plaintiff's "RSVP [was] about 30 [and] his pacemaker interrogation showed over sensing in right atrium leading to inappropriate mode switches." *Id.* at 8. During this evaluation, defendant Ma also informed plaintiff that the oversensing in plaintiff's pacemaker might have caused plaintiff's dizziness. *Id.* at 8-9. Finally, the complaint alleges at least three times that all defendants were aware of plaintiff's St. Jude pacemaker interrogation. *Id.* at 10, 11, & 12.

**Medical Deliberate Indifference**

Courts in Ninth Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted).

The objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

The subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other . . . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendant's conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

**Analysis**

Defendant Ma argues that the complaint fails to allege facts suggesting that he was deliberately indifferent to plaintiff's serious medical needs. ECF No. 20-1 at 1. Specifically, he argues that there are no allegations that he delayed, denied, or intentionally interfered with plaintiff's treatment for his heart condition. *Id.* at 4. In fact, defendant Ma argues, the complaint shows that he affirmatively cared for plaintiff, and that he referred plaintiff to the hospital and reviewed with plaintiff his hospital notes. Finally, defendant Ma argues that the complaint is devoid of any allegations that Ma acted as a supervisor to another defendant. *Id.* at 5.

Plaintiff argues in opposition defendant Ma was deliberately indifferent to his serious medical needs. ECF No. 24. Plaintiff includes arguments that rely on allegations and attachments that were not included in the complaint. *See generally id.* Plaintiff explains that in May 2018, defendant Ma sent plaintiff to the hospital via ambulance. *Id.* at 1-2. And that following plaintiff's evaluation at the hospital, defendant Ma filled out a health care services

4

1 physician request so that plaintiff could undergo an ablation procedure, which was recommended
2 by defendant Chien. *Id.* at 2. Plaintiff had the procedure in October 2018, and, afterwards, he
3 claims to have notified defendant Ma that he was experiencing left leg pain, dizzy spells, nausea,
4 shortness of breath, and continued feelings of tachycardia. *Id.* Plaintiff also informed defendant
5 Ma that he had to call "man down" three or four times to get medical attention, but that plaintiff
6 was not seen by medical personnel. *Id.* at 2-3. In January 2019, a St. Jude medical representative
7 informed defendant Ma of plaintiff's pacemaker evaluation, which showed that plaintiff had
8 tachycardic episodes at least three times. *Id.* at 3-4. The St. Jude representative also notified
9 defendant Ma that plaintiff needed a follow-up evaluation. *Id.* Plaintiff claims that defendant Ma
10 did not notify plaintiff about several alerts from his pacemaker and that defendant Ma failed to
11 inform plaintiff's health concerns to Ma's supervisor. *Id.* at 3-5. Finally, plaintiff argues that
12 because he wrote "emergency" at the top of his forms requesting treatment and those requests
13 were denied, defendant Ma was deliberately indifferent to his medical needs. *Id.* at 6.

14 Defendant has filed a reply, arguing primarily that plaintiff cannot introduce new
15 allegations in his oppositions and that even if the court were to consider plaintiff's new
16 allegations, the complaint fails to sufficiently allege that defendant Ma was deliberately
17 indifferent to plaintiff's serious medical needs. ECF No. 25.

18 As an initial matter, defendant Ma is correct that plaintiff cannot add new allegations in
19 his opposition brief to survive a motion to dismiss. When ruling on a motion to dismiss, the court
20 reviews the allegations in the complaint. The court may not consider new allegations and
21 arguments raised in the opposition brief. *See Schneider v. California Dep't. of Corrections*, 151
22 F.3d 1194, 1197 (9th Cir. 1998). However, even if the court were to consider plaintiff's new
23 allegations, the court would still dismiss the claims against defendant Ma.

24 The complaint contains no allegations that defendant Ma delayed, denied, or intentionally
25 interfered with plaintiff's medical needs. The complaint alleges that plaintiff experienced a
26 syncope episode, and that defendant Ma summoned an ambulance and sent plaintiff for care at the
27 hospital. Nothing in these allegations shows that defendant Ma was deliberately indifferent to
28 plaintiff's serious medical needs. On the contrary, it shows that defendant Ma acted diligently in

1  providing proper care for plaintiff.

2  Next, plaintiff alleges that defendant Ma filled out the proper form so that plaintiff could receive the ablation procedure that was recommended by defendant Chien. Again, this shows that plaintiff was receiving adequate care from defendant Ma. The opposition states that following the ablation procedure, plaintiff experienced leg pain, dizzy spells, nausea, and other side effects. Plaintiff filled out a form requesting an interview with defendant Ma, but there is no allegation that defendant Ma actually saw the form or intentionally ignored it.

Plaintiff next alleges that he requested a follow-up with defendant Ma, but that request was denied. However, the document cited to by plaintiff is a health care services physician request for services form (to be completed by the requesting physician) which shows that defendant Ma approved plaintiff for a follow-up evaluation. ECF No. 24 at 13. Even if there was a delay in plaintiff receiving treatment, it appears to have been minimal, and plaintiff has not alleged that he suffered a harm from the delay itself. *See Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (without more, delayed treatment does not violate Eighth Amendment).

Finally, plaintiff alleges that on July 28, 2019, defendant Ma failed to inform him of an irregularity in his pacemaker, but also claims that defendant Ma made him aware of his pacemaker irregularities during a follow-up on August 28, 2019. ECF No. 24 at 4. Plaintiff does not allege that any of his injuries resulted from any delay in treatment or that they would have been avoided had he been treated sooner. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in providing medical treatment does not constitute Eighth Amendment violation unless delay was harmful).

**Motion to Additional Time**

Plaintiff requests sixty days to file responses to defendants' Dharawat and Chien's discovery requests. ECF No. 23. Defendants have not opposed this request. Good cause appearing, this request is granted.

**Motion for Injunctive Relief**

Plaintiff has filed a motion for injunctive relief. ECF No. 14. In light of the court's ruling

on defendant Ma's motion to dismiss, the remaining defendants shall file a response to plaintiff's motion within forty-five days of this order's entry.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 20, is granted.

2. Plaintiff's claims against defendant Ma are dismissed with leave to amend. Plaintiff shall file a notice that he wishes proceed on the claims against the remaining defendants or file an amended complaint within thirty days.

3. The Clerk of Court is directed to send plaintiff a section 1983 form complaint.

4. Plaintiff's motion for additional time, ECF No. 23, is granted. Plaintiff shall have sixty days from the date of this order to respond to defendants' discovery request.

5. Within forty-five days of this order, the remaining defendants shall file a response to plaintiff's motion for injunctive relief.

IT IS SO ORDERED.

Dated: December 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE