UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SMITH, | Case No. 2:24-cv-0118-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| RAMESH DHARAWT, *et al.*, | |
| Defendants. | |

Plaintiff, a state inmate proceeding without counsel in this civil rights action, moves: to modify the scheduling order, for a court order designating him as a priority legal user, and for appointed counsel. ECF No. 34. His request to modify is granted, but his other requests are denied.

Good cause appearing, plaintiff's request to modify the scheduling order is granted; the deadline for discovery is July 11, 2025. No other dates in the scheduling order are changed.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

1  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
2  legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
3  abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional
4  circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of
5  legal education and limited law library access, do not establish exceptional circumstances that
6  warrant a request for voluntary assistance of counsel.

7  Having considered the factors under *Palmer*, the court finds that plaintiff has failed to
8  meet his burden of demonstrating exceptional circumstances warranting the appointment of
9  counsel at this time.

10  Plaintiff's request for the court to grant him priority legal user status is denied. While
11  "[p]risoners have a right to meaningful access to the courts, [] there is no absolute right to use a
12  prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018)
13  (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Plaintiff appears to have meaningful library
14  access, albeit not the level of access he would prefer. Regarding plaintiff's upcoming deadlines,
15  plaintiff may show this order to the appropriate officials at the prison to demonstrate that he is
16  engaged in active litigation as a pro se litigant.

17  Accordingly, it is hereby ORDERED that:
18  1. Plaintiff's motion, ECF No. 34, is granted in part and denied in part;
19     a. The deadline for completing discovery is extended to July 11, 2025.
20     b. Plaintiff's request for counsel is denied.
21     c. Plaintiff's request for priority legal status is denied.

IT IS SO ORDERED.

Dated:   May 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2